1  JACKSON LEWIS LLP
   ROBERT J. SCHNACK (SBN 191987)
2  DOUGLAS M. EGBERT (SBN 265062)
   801 K Street, Suite 2300
3  Sacramento, California 95814
   Telephone: (916) 341-0404
4  Facsimile:  (916) 341-0141
   SchnackR@jacksonlewis.com
5  EgbertD@jacksonlewis.com

6  Attorneys for Defendant
   MACY'S RETAIL HOLDINGS, INC. dba
7  MACY'S WEST STORES, INC., erroneously sued
   and served as MACY'S, INC.
8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       WESTERN DIVISION

12  HASMIK AVAGYAN,                    Case No. CV12 - 00367 JAK (MRWx)

13          Plaintiff,
                                       NOTICE OF REMOVAL OF CIVIL
14      v.                             ACTION TO THE UNITED STATES
                                       DISTRICT COURT FOR THE
15  MACY'S INC., and DOES 1-10, Inclusive,  CENTRAL DISTRICT OF
                                       CALIFORNIA
16          Defendants.
                                       Complaint Filed: December 15, 2011
17                                     Trial Date:      None Set

18          TO THE HONORABLE COURT AND CLERK OF THE UNITED STATES

19  DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

20          PLEASE TAKE NOTICE that Defendant MACY'S RETAIL HOLDINGS, INC.

21  dba MACY'S WEST STORES, INC., erroneously sued and served as MACY'S INC.

22  ("Defendant") hereby removes the above-entitled action to this Court from the Superior Court of

23  the State of California, County of Los Angeles. The grounds for the removal are as follows:

24          1.      On or about December 15, 2011, an action was filed in the Superior Court

25  of the State of California, in and for the County of Los Angeles, entitled Hasmik Avagyan v.

26  Macy's Inc., and Does 1-10, inclusive, designated as case number LC095778. True and correct

27

28
                                         1

1   copies of the Summons and Complaint are attached hereto as **Exhibit "A"** and incorporated

2   herein by this reference.

3         2.     On or about December 21, 2012, Defendant was served with a copy of said

4   Complaint for the first time. On January 12, 2012, Defendant filed an Answer to Plaintiff's

5   Verified Complaint in the Superior Court of the State of California, in and for the County of Los

6   Angeles. A true and correct copy of the Answer is attached hereto as **Exhibit "B"** and

7   incorporated by this reference.

8         3.     This action is a civil action of which this Court has diversity jurisdiction

9   under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant

10  pursuant to 28 U.S.C. section 1441(b) in that it is a civil action in which the matter in controversy

11  exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

12        4.     At the time of filing this action, the erroneously named defendant

13  MACY'S, INC. was, and still is, a corporation formed under the laws of the State of Delaware,

14  with its principal place of business in Cincinnati in the State of Ohio. Also at the time of filing

15  this action, (a) MACY'S RETAIL HOLDINGS, INC. was, and still is, a corporation formed

16  under the laws of the State of New York, with its principal place of business in Cincinnati in the

17  State of Ohio, and (b) MACY'S WEST STORES, INC. was, and still is, a corporation formed

18  under the laws of the State of Ohio, with its principal place of business in Cincinnati in the State

19  of Ohio. *See The Hertz Corp. v. Friend* (2010) 559 U.S. ___, 130 S. Ct. 1181, 1186 ("the phrase

20  'principal place of business' refers to the place where the corporation's high level officers direct,

21  control, and coordinate the corporation's activities").

22        5.     Plaintiff Hasmik Avagyan ("Plaintiff") is an individual and alleges in

23  paragraph 1 of the above-referenced Complaint that she is a resident of the State of California in

24  Los Angeles County.  Defendant is informed and believes, and thereon alleges, Plaintiff was and

25  still is a citizen of the State of California.

26        6.     Counsel for Defendant specializes in representing employers in labor and

27  employment matters, including actions alleging breach of contract, discrimination, and related

28

2

1    emotional distress claims.   Based on this expertise and experience, the nature of Plaintiff's

2    allegations, and the relief sought by Plaintiff, the amount in controversy in this case exceeds

3    $75,000, exclusive of interest and costs.   This conclusion was reached based in part on the

4    following allegations in Plaintiff's Complaint:

5       a.   Plaintiff alleges in her Complaint that an implied-in-fact contract

6            not to terminate her employment except for good cause existed

7            between her and Defendant.   Plaintiff further alleges that Defendant

8            breached this implied-in-fact contract when it terminated her, and

9            that Defendant also breached the implied covenant of good faith

10           and fair dealing inherent in said contract.   Plaintiff alleges these

11           breaches caused her damages, including "emotional distress,"

12           "necessary medical expenses," and "loss of earnings and other

13           employment benefits."   (Complaint, ¶¶ 15-19, 21-25).

14      b.   Plaintiff alleges Defendant and its supervisors discriminated against

15           her because of her Armenian race and national origin.   Plaintiff

16           further alleges that this discrimination and her termination caused

17           her to "sustain substantial losses in earnings and other employment

18           benefits," caused her to suffer "severe mental and emotional

19           distress, shock, humiliation, mortification, anguish, psychological

20           trauma and damage to [her] nervous system," and caused her to

21           incur "necessary medical expenses."   (Complaint, ¶¶ 6, 28-32, 35-

22           39).

23      c.   In addition to the emotional distress referenced above, Plaintiff also

24           alleges specific causes of action for intentional infliction of

25           emotional distress and negligent infliction of emotional distress,

26           and alleges Defendant caused her "emotional distress," "necessary

27

28

3

1  medical expenses," and "loss of earnings and other employment

2  benefits." (Complaint, ¶¶ 41-46, 48-52).

3          d.    Plaintiff also alleges in her Complaint that she is entitled to punitive

4  damages. (Complaint, ¶¶ 19, 25, 32, 39, 46).

5         7.    The only defendants other than MACY'S INC. named in Plaintiff's

6  Complaint are fictitious parties identified as "Does 1 to 10," whose citizenship shall be

7  disregarded for the purpose of removal. 28 U.S.C. §§ 1441(a), 1441(b)(1).

8         8.    This Notice of Removal is filed within thirty (30) days after Defendant was

9  served with a copy of the Summons and Complaint in this case and within one year after the state

10  court action was filed. The Notice is also filed within thirty (30) days of Defendant's notice of its

11  ability to remove. This Notice therefore is filed within the time period provided by 28 U.S.C.

12  sections 1446(b), (c).

13         9.    Venue lies in the United States District Court for the Central District of

14  California pursuant to 28 U.S.C. sections 1391(b)(2) and 1441(b), because the state court action

15  was filed in this District and this is the judicial district in which the action arose.

16         WHEREFORE, Defendant prays that the above-action now pending against it in

17  the Superior Court of the State of California, County of Los Angeles, be removed to this Court.

18  Dated: January 13, 2012               JACKSON LEWIS LLP

19

20                           By

21                            Robert J. Schnack
                           Douglas M. Egbert

22

23                            Attorneys for Defendant
                          MACY'S   RETAIL   HOLDINGS,   INC.   dba

24                            MACY'S WEST STORES, INC., erroneously sued
                          and served as MACY'S, INC.

25

26

27

28

Notice of Removal of Civil Action
to the USDC-Central District of California                Avagyan v. Macy's Inc.
                                  USDC-Central Case No. _____

# EXHIBIT A



**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

MACY'S INC., and DOES 1 to10, Inclusive.

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HASMIK AVAGYAN



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br>County of Los Angeles, Northwest District, Van Nuys Court<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | CASE NUMBER<br>*(Número del Caso):*<br>LC095778 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hasmik Avagyan c/o Legal Solutions 1915 West Glenoaks Blvd. #202, Glendale, CA 91201; (818) 736-5550

| DATE:<br>*(Fecha)* | DEC 1 5 201 JOHN A. CLARKE | Clerk, by<br>*(Secretario)* | L. NAPHEN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

PAYROLL
DEC 21 2011

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure

COPY

HASMIK AVAGYAN
c/o Legal Solutions & General Services, Inc.
1915 West Glenoaks Boulevard, Suite 202
Glendale, California 91201
Telephone: (818) 736-5550
Facsimile: (818) 736-5553

Plaintiff, In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, NORTHWEST DISTRICT, VAN NUYS COURTHOUSE

| | |
|---|---|
| HASMIK AVAGYAN, | Case No. LC095778 |
| Plaintiff, | [Unlimited Case] |
| vs. | VERIFIED COMPLAINT FOR DAMAGES FOR: |
| MACY'S INC., and DOES 1 to10, Inclusive, | |
| Defendants. | 1. BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EXCEPT FOR GOOD CAUSE |
| | 2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| | 3. DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN – VIOLATION OF FEHA |
| | 4. VIOLATION OF UNRUH ACT – CIVIL CODE §§51, 51.5-53 |
| | 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | 6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

Plaintiff, HASMIK AVAGYAN, hereby alleges and complains against Defendant,

MACY'S INC., and DOES 1 to10, Inclusive, as follows:

///

///

VERIFIED COMPLAINT FOR DAMAGES

Page 1

[All allegations set forth are based on information and belief]

## GENERAL ALLEGATIONS

1.     Plaintiff is a resident of the City of Glendale, County of Los Angeles, State of California. It is further alleged that Plaintiff is Armenian and Armenian is her native language.

2.     Defendant, MACY'S, INC. is a department store holding company and owner of Macy's Department stores, with its corporate headquarters located in Cincinnati, Ohio. In this action, MACY'S INC., is the owner of the Macy's Department store located at 14000 Riverside Drive, Sherman Oaks, California 91423.

3.     Plaintiff is ignorant of the true names and capacities of Defendants, sued herein as DOES 1 to 10, and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained.

4.     Plaintiff alleges that at all times herein mentioned, each of the Defendants sued herein was acting as the agent, employee and/or representative of each of the other Defendants, and in doing the things herein alleged, was acting within the course and scope of said agency or employment. It is further alleged that said Defendants aided, abetted, cooperated with, and/or conspired with, all other Defendants, and/or each of them, to do the acts herein alleged.

///
///
///
///
///
///
///

## STATEMENT OF FACTS

5.  Plaintiff was hired by the Macy's Department store located at 14000 Riverside Drive, Sherman Oaks, California 91423 ("MACY'S"), on November 27, 2006, as an at-will employee in the sales department when she was approximately 22 years of age. As an employee of MACY'S, Plaintiff was entitled to purchase items from MACY'S at an employee discount.

6.  As the months and years progressed, Plaintiff began to sense that she was being discriminated against by her supervisors because she was Armenian. Plaintiff based this belief on the fact that she was criticized and reprimanded by her supervisors for minor things that other female employees, who were the same approximate age, but were Caucasian and not Armenian, were not being criticized and reprimanded.

7.  On four separate days, September 10, November 13, November 20 and December 1, 2010, Plaintiff purchased some items with her MACY'S credit card. By using her MACY'S credit card, Plaintiff received a 20% discount for each separate purchase. Subsequently, Plaintiff processed an exchange and refund through an easy exchange gift card with the assistance of a female co-worker. By obtaining a refund through the easy exchange gift card, Plaintiff received an additional 20% discount that she otherwise would not receive. The total additional amount that Plaintiff received when all aforementioned items were returned $47.95.

///

///

///

///

///

///

8.      On March 20, 2001, Plaintiff was issued a Notification of Discharge, executed by Vince Dulcich, and Lynne Crisifi, Director of Assembly Operation - Hawthorne. The reasons set forth in the Notification of Discharge were not true. It is Plaintiff's belief and understanding that the purported reasons set forth in the Notification of Discharge were fabricated in order to support Plaintiff's termination.

9.      At all times herein mentioned, Plaintiff pursued her Administrative remedies by filing a claim with the Department of Fair Employment and Housing.

10.     On November 30, 2011, Plaintiff was issued a "Right-to-Sue" Notice by the Department of Fair Employment and Housing.

## FIRST CAUSE OF ACTION
[Breach of Implied-In-Fact Contract Not to Terminate Except For Good Cause]

11.     Plaintiff repleads and realleges Paragraphs 1 through 10, and incorporates the same by reference as though set forth fully herein.

12.     At all times herein mentioned, MACY'S had a personal policy, and/or practice, not to discharge, and/or terminate an employee except for good cause, or not to discharge, and/or terminate an employee arbitrarily.

13.     At all times herein mentioned, Plaintiff was employed by MACY'S continuously for approximately 4½ years. In return, Plaintiff provided employment services which greatly benefitted MACY'S and which, in fact, Plaintiff was thanked and complimented on numerous occasions, and given assurances that she would remain a valuable and necessary employee.

///
///
///
///

VERIFIED COMPLAINT FOR DAMAGES

Page 9

14.     At all times herein mentioned, other department stores, such as MACY'S, which exist in the industry, maintain practices in which employees are not discharged, and/or terminated, arbitrarily.

15.     In doing the things herein alleged, as more particularly set forth herein, MACY'S breached the Implied-In-Fact contract not to Terminate Except for Good Cause, and/or breached the Implied-In-Fact Contract Not to Terminate Arbitrarily, which existed between Plaintiff and MACY'S.

16.     As a direct and legal result of the intentional, and/or willful, and/ or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has suffered, and continues to suffer, severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to Plaintiff's nervous system, all in an amount to be determined according to proof at time of trial.

17.     As a further direct and legal result of the breach of the contractual obligations by MACY'S, as more particularly set forth herein, Plaintiff, has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, all to Plaintiff's special damages in a sum to be determined according to proof at time of trial.

18.     As a further direct and legal result of the intentional, and/or willful, and/ or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, all in a sum to be determined according to proof at time of trial.

///

///

///

19.     The conduct of MACY'S was intentional, willful, wrongful, knowing, and despicable and ratified by their officers. As such, Plaintiff seeks an award of punitive, and/or exemplary damages, all in a sum to be determined according to proof at time of trial.

## SECOND CAUSE OF ACTION
[Breach of Implied Covenant of Good Faith and Fair Dealing]

20.     Plaintiff repleads and realleges Paragraphs 1 through 10, and incorporates the same by reference as though set forth fully herein.

21.     The relationship between employer and employee is fundamentally contractual. Inherent in this contractual relationship is a covenant of good faith and fair dealing, which implies a promise that each party will refrain from doing anything to injure the other's right to receive the benefits of the agreement; and which protects the parties reasonable expectations. The provisions of the California Labor Code are implied by law into all employment agreements, including the employment agreement entered into between Plaintiff and Employer. By discharging Plaintiff, MACY'S injured Plaintiff's right to receive the benefits of her employment agreement and thwarted Plaintiff's reasonable expectations; i.e., MACY'S breached the implied covenant of good faith and fair dealing.

22.     As a direct and legal result of the intentional, and/or willful, and/ or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has suffered, and continues to suffer, severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to Plaintiff's nervous system, all in an amount to be determined according to proof at time of trial.

///

///

///

///

23.   As a further direct and legal result of the breach of the contractual obligations by MACY'S, as more particularly set forth herein, Plaintiff has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, all to Plaintiff's special damages in a sum to be determined according to proof at time of trial.

24.   As a further direct and legal result of the intentional, and/or willful, and/ or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, all in a sum to be determined according to proof at time of trial.

25.   The conduct of MACY'S was intentional, willful, wrongful, knowing, and despicable and ratified by their officers. As such, Plaintiff seeks an award of punitive, and/or exemplary damages, all in a sum to be determined according to proof at time of trial.

## THIRD CAUSE OF ACTION
[Discrimination Based on Race and Nation Origin – Violation of FEHA]

26.   Plaintiff repleads and realleges Paragraphs 1 through 9, and incorporates the same by reference as though set forth fully herein.

27.   At all times herein mentioned, MACY'S was subject to the Fair Employment and Housing Act (FEHA). [Gov't Code §§12900-1296], which protects the rights of all persons to seek, obtain, and hold employment without discrimination based on race, religion, color, national origin, ancestry, physical or mental disability, medical condition, marital status, sex, age (at least 40), or pregnancy. [Gov't Code §§12940(a), 12941, 12945(a)]

///

///

///

///

28.     At all times herein mentioned, and in doing the things herein alleged, MACY'S committed disparate treatment against Plaintiff, thereby discriminating against Plaintiff based on her race and national origin (Armenian), in violation of FEHA.

29.     As a direct and legal result of the violation of FEHA, as it pertains to Plaintiff's race and national origin (Armenian), as more particularly set forth herein, Plaintiff has suffered, and continues to suffer, severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to Plaintiff's nervous system, all in an amount to be determined according to proof at time of trial.

30.     As a further direct and legal result of the violation of FEHA, as it pertains to Plaintiff's race and national origin (Armenian), as more particularly set forth herein, Plaintiff has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, all to Plaintiff's special damages in a sum to be determined according to proof at time of trial.

31.     As a further direct and legal result of the violation of FEHA as it pertains to Plaintiff's race and national origin (Armenian), as more particularly set forth herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, all in a sum to be determined according to proof at time of trial.

32.     The conduct of MACY'S was intentional, willful, wrongful, knowing, and despicable and ratified by their officers. As such, Plaintiff seeks an award of punitive, and/or exemplary damages, all in a sum to be determined according to proof at time of trial.

///

///

///

///

## FOURTH CAUSE OF ACTION
[Violation of Unruh Act – Civil Code §§51, 51.5-53]

33.   Plaintiff repleads and realleges Paragraphs 1 through 9, and incorporates the same by reference as though set forth fully herein.

34.   At all times herein mentioned, MACY'S was subject to the Unruh Act which requires equal treatment and prohibits discrimination on the basis of race, color, religion, ancestry, national origin, disability, or other characteristics by any business establishment except those that consists of "truly private [relations] outside of public view." [Civil Code §§51, 51.5-53]

35.   At all times herein mentioned, and in doing the things herein alleged, MACY'S discrimination against Plaintiff based on her race and national origin (Armenian) was in violation of the Unruh Act. [Civil Code §§51, 51.5-53]

36.   As a direct and legal result of the violation of the Unruh Act, as it pertains to Plaintiff's race and national origin (Armenian), as more particularly set forth herein, Plaintiff has suffered, and continues to suffer, severe mental and emotional distress, shock, humiliation, mortification, anguish, psychological trauma and damage to Plaintiff's nervous system, all in an amount to be determined according to proof at time of trial.

37.   As a further direct and legal result of the violation of the Unruh Act, as it pertains to Plaintiff's race and national origin (Armenian), as more particularly set forth herein, Plaintiff has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, all to Plaintiff's special damage in a sum to be determined according to proof at time of trial.

///

///

///

38.     As a further direct and legal result of the violation of the Unruh Act, as it pertains to Plaintiff's race and national origin (Armenian), as more particularly set forth herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, all in a sum to be determined according to proof at time of trial.

39.     The conduct of MACY'S was intentional, willful, wrongful, knowing, and despicable and ratified by their officers.  As such, Plaintiff seeks an award of punitive, and/or exemplary damages, all in a sum to be determined according to proof at time of trial.

## FIFTH CAUSE OF ACTION
### [Intentional Infliction of Emotional Distress]

40.     Plaintiff repleads and realleges Paragraphs 1 through 9, and incorporates the same by reference as though set forth fully herein.

41.     At all times herein mentioned, MACY'S owed a duty of care to Plaintiff, to refrain from any acts, and/or conduct, which, in any way, would cause harm to Plaintiff.

42.     In doing the things herein alleged, as more particularly set forth herein, to wit, causes of action 1-4, MACY'S intentionally, and/or willfully, and/or recklessly, pursued an outrageous and despicable course of conduct, thereby breaching their duty of care owed to Plaintiff.  As such, at all times herein mentioned, MACY'S knew, or should have known, and it was, therefore, foreseeable, that their conduct would cause Plaintiff to suffer severe, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to Plaintiff's nervous system.

///

///

///

43.    As a direct and legal result of the aforementioned intentional and wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff did, in fact, suffer, and continues to suffer, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to Plaintiff's nervous system, all in an amount to be determined according to proof at time of trial.

44.    As a further direct and legal result of the aforementioned intentional and wrongful, conduct of MACY'S as more particularly set forth herein, Plaintiff has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, all to Plaintiff's special damage in a sum to be determined according to proof at time of trial.

45.    As a further direct and legal result of the intentional and/or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, all in a sum to be determined according to proof at time of trial.

46.    The conduct of MACY'S was intentional, willful, wrongful, knowing, and despicable and ratified by their officers. As such, Plaintiff seeks an award of punitive, and/or exemplary damages, all in a sum to be determined according to proof at time of trial.

///
///
///
///
///
///

## SIXTH CAUSE OF ACTION
### [Negligent Infliction of Emotional Distress]

47.     Plaintiff repleads and realleges Paragraphs 1 through 10, and incorporates the same by reference as though set forth fully herein.

48.     At all times herein mentioned, MACY'S owed a duty of care to Plaintiff to refrain from any acts, and/or conduct, which, in any way, would cause harm to Plaintiff.

49.     In doing the things herein alleged, as more particularly set forth herein, to wit, causes of action 1-4, MACY'S negligently, and/or carelessly, pursued a course of conduct, which, in fact, caused a breach of the duty of care owed to Plaintiff.  As such, at all times herein mentioned, MACY'S knew, or should have known, and it was, therefore, foreseeable, that their conduct would cause Plaintiff to suffer severe, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to Plaintiff's nervous system.

50.     As a direct and legal result of the aforementioned  negligent and/or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff did, in fact, suffer, and continues to suffer, extreme and permanent mental and emotional distress, including, but not limited to shock, nervousness, anxiety, humiliation, mortification, anguish, depression, and psychological trauma and damage to Plaintiff's nervous system, all in an amount to be determined according to proof at time of trial.

///

///

///

///

///

51. As a further direct and legal result of the aforementioned negligent and/or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, all to Plaintiff's special damage in a sum to be determined according to proof at time of trial.

52. As a further direct and legal result of the aforementioned negligent and/or wrongful conduct of MACY'S, as more particularly set forth herein, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits, all in a sum to be determined according to proof at time of trial.

WHEREFORE, PLAINTIFF, HASMIK AVAGYAN, PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AND/OR EACH OF THEM, AS FOLLOWS:

FIRST CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at time of trial.

2. For special damages in an amount to be determined according to proof at time of trial.

3. For exemplary, and/or punitive damages, pursuant to Civil Code Section 52(b)(1), in an amount to be determined according to proof at time of trial.

///
///
///
///
///
///
///

SECOND CAUSE OF ACTION

4.    For general damages in an amount to be determined according to proof at time of trial.

5.    For special damages in an amount to be determined according to proof at time of trial.

6.    For exemplary, and/or punitive damages, pursuant to Civil Code Section 52(b)(1), in an amount to be determined according to proof at time of trial.

THIRD CAUSE OF ACTION

7.    For general damages in an amount to be determined according to proof at time of trial.

8.    For special damages in an amount to be determined according to proof at time of trial.

9.    For exemplary, and/or punitive damages in an amount to be determined according to proof at time of trial.

FOURTH CAUSE OF ACTION

10.   For general damages in an amount to be determined according to proof at time of trial.

11.   For special damages in an amount to be determined according to proof at time of trial.

12.   For exemplary, and/or punitive damages in an amount to be determined according to proof at time of trial.

///
///

## FIFTH CAUSE OF ACTION

13.  For general damages in an amount to be determined according to proof at time of trial.

14.  For special damages in an amount to be determined according to proof at time of trial.

14.  For exemplary, and/or punitive damages, pursuant to Civil Code Section 52(b)(1), in an amount to be determined according to proof at time of trial.

## SIXTH CAUSE OF ACTION

15.  For general damages in an amount to be determined according to proof at time of trial.

16.  For special damages in an amount to be determined according to proof at time of trial.

## FOR ALL CAUSES OF ACTION

17.  For pre-judgment interest.

18.  For the recovery reasonable attorney's fees where justified, and costs incurred in this action.

19.  For all other appropriate relief, which this Court deems just and proper.

Dated: December __14__, 2011

HASMIK AVAGYAN
Plaintiff, In Pro Per

## VERIFICATION

I, Hasmik Avagyan, am the plaintiff in the above-entitled action. I have read the foregoing pleading entitled **VERIFIED COMPLAINT FOR DAMAGES,** and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 14, 2011

HASMIK AVAGYAN

VERIFIED COMPLAINT FOR DAMAGES

Page 16

# EXHIBIT B

1   JACKSON LEWIS LLP
    ROBERT J. SCHNACK (SBN 191987)
2   DOUGLAS M. EGBERT (SBN 265062)
    801 K Street, Suite 2300
3   Sacramento, California 95814
    Telephone: (916) 341-0404
4   Facsimile: (916) 341-0141

                             ORIGINAL FILED
                             Northwest District

5

                                 JAN 12 2012

6   Attorneys for Defendant
    MACY'S RETAIL HOLDINGS, INC. dba MACY'S    LOS ANGELES
7   WEST STORES, INC., erroneously sued and served   SUPERIOR COURT
    as MACY'S, INC.

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11                     NORTHWEST DISTRICT

12   HASMIK AVAGYAN,             | Case No. LC095778

13          Plaintiff,         | *[Assigned for All Purposes to Hon. Huey P.*
                              | *Cotton; Dept. NW-D]*
14       v.

15   MACY'S INC., and DOES 1-10, Inclusive,   | **DEFENDANT'S ANSWER TO**
                              | **PLAINTIFF'S VERIFIED**
16         Defendants.         | **COMPLAINT**

17                       | Complaint Filed: December 15, 2011
                      | Trial Date:    None Set
18

19                                 **BY FAX**

20         Defendant MACY'S RETAIL HOLDINGS, INC. dba MACY'S WEST STORES,

21   INC., erroneously sued and served as MACY'S, INC. ("Defendant") hereby answers Plaintiff

22   HASMIK AVAGYAN's Verified Complaint for Damages ("Complaint"), without waiving its

23   right to remove the case to federal court or to compel arbitration, as follows:

24                         **GENERAL ALLEGATIONS**

25          1.     Answering paragraph 1, Defendant admits, upon information and belief,

26   the first sentence of said paragraph. Defendant lacks knowledge and information sufficient to

27   admit or deny the allegation in the second sentence of said paragraph and, on that basis, denies

28   those allegations.

1

Defendant's Answer to Plaintiff's Verified Complaint

1           2.      Answering paragraph 2, Defendant admits that MACY'S, INC. has its

2    corporate headquarters in Cincinnati, Ohio but denies the remaining allegations of said paragraph;

3    but Defendant admits and alleges that MACY'S RETAIL HOLDINGS, INC. dba MACY'S

4    WEST STORES, INC. was erroneously sued and served herein as MACY'S, INC., that MACY'S

5    RETAIL HOLDINGS, INC. dba MACY'S WEST STORES, INC. has its corporate headquarters

6    in Cincinnati, Ohio, and that MACY'S RETAIL HOLDINGS, INC. dba MACY'S WEST

7    STORES, INC. owned or operated the Macy's store located at 14000 Riverside Drive in Sherman

8    Oaks, California.

9           3.      Answering paragraph 3, Defendant lacks knowledge and information

10   sufficient to admit or deny the allegations of said paragraph and, on that basis, denies those

11   allegations.

12          4.      Answering paragraph 4, Defendant lacks knowledge and information

13   sufficient to admit or deny the allegations of said paragraph because the Doe defendants are

14   unnamed and, on that basis, denies those allegations.

15          **STATEMENT OF FACTS**

16          5.      Answering paragraph 5, Defendant admits it hired Plaintiff on or about

17   November 24, 2006 at the Sherman Oaks store as an at-will employee in the sales department but

18   Defendant denies it knew her age at the time she was hired. Defendant further admits the second

19   sentence of said paragraph 5.

20          6.      Answering the first sentence of paragraph 6, Defendant lacks knowledge

21   and information sufficient to admit or deny what "Plaintiff began to sense" and, on that basis,

22   denies said allegations, and Defendant denies all allegations of discrimination alleged by Plaintiff

23   in the first sentence of said paragraph, and Defendant further denies the allegations of the second

24   sentence of said paragraph.

25          7.      Answering paragraph 7, Defendant admits the allegations of said paragraph

26   and further admits and alleges that said transactions were improper and constituted misuse of

27   employee discounts in violation of Defendant's employee discount policies.

28   ///

8.      Answering paragraph 8, Defendant denies the allegations of said paragraph, but Defendant admits Plaintiff was terminated on or about January 31, 2011, for misuse of employee discount policies.

9.      Answering paragraph 9, Defendant lacks knowledge and information sufficient to admit or deny the allegations of said paragraph because the Doe defendants are unnamed and, on that basis, denies those allegations.

10.     Answering paragraph 10, Defendant lacks knowledge and information sufficient to admit or deny the allegations of said paragraph because the Doe defendants are unnamed and, on that basis, denies those allegations.

## FIRST CAUSE OF ACTION

11.     Answering paragraph 11, Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 10 above.

12.     Answering paragraph 12, Defendant denies the allegations of said paragraph.

13.     Answering paragraph 13, Defendant admits and alleges that Plaintiff was employed by Defendant for about four years and two months and that she may have received compliments for her work on occasion but denies the remaining allegations of said paragraph.

14.     Answering paragraph 14, Defendant lacks knowledge and information sufficient to admit or deny the allegations of said paragraph regarding what "other department stores' ... practices" may or may not be and, on that basis, denies the allegations of said paragraph.

15.     Answering paragraph 15, Defendant denies Plaintiff had any implied-in-fact contract contrary to her at-will employment status and also otherwise denies the allegations of said paragraph.

16.     Answering paragraph 16, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

///

///

17.     Answering paragraph 17, Defendant denies it breached its contractual obligations, if any, to Plaintiff, and Defendant further denies all remaining allegations of said paragraph.

18.     Answering paragraph 18, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

19.     Answering paragraph 19, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph, including, without limitation, that Plaintiff is entitled to any award of damages from Defendant.

## SECOND CAUSE OF ACTION

20.     Answering paragraph 20, Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 10 above.

21.     Answering paragraph 21, to the extent the first two sentences of said paragraph consists of conclusions of law that require no responsive pleading under the Code of Civil Procedure and are, therefore, specifically denied and, further, Defendant denies the last paragraph of said paragraph.

22.     Answering paragraph 22, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

23.     Answering paragraph 23, Defendant denies it breached its contractual obligations, if any, to Plaintiff, and Defendant further denies all remaining allegations of said paragraph.

24.     Answering paragraph 24, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

25.     Answering paragraph 25, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph, including, without limitation, that Plaintiff is entitled to any award of damages from Defendant.

## THIRD CAUSE OF ACTION

26.     Answering paragraph 26, Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 9 above.

27.     Answering paragraph 27 said paragraph consists of conclusions of law that require no responsive pleading under the Code of Civil Procedure; however, Defendant admits that it was subject to FEHA with respect to Plaintiff's employment at the Sherman Oaks store, but denies all allegations against Defendant of discrimination, wrongful termination, and/or other misconduct contained in Plaintiff's Complaint .

28.     Answering paragraph 28, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

29.     Answering paragraph 29, Defendant denies it violated FEHA, denies it engaged in any conduct alleged in said paragraph, and further denies all remaining allegations of said paragraph.

30.     Answering paragraph 30, Defendant denies it violated FEHA, denies it engaged in any conduct alleged in said paragraph, and further denies all remaining allegations of said paragraph.

31.     Answering paragraph 31, Defendant denies it violated FEHA and denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

32.     Answering paragraph 32, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph, including, without limitation, that Plaintiff is entitled to any award of damages from Defendant.

**FOURTH CAUSE OF ACTION**

33.     Answering paragraph 33, Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 9 above.

34.     Answering paragraph 34, said paragraph consists of conclusions of law that require no responsive pleading under the Code of Civil Procedure and are, therefore, specifically denied.

35.     Answering paragraph 35, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

///

36.     Answering paragraph 36, Defendant denies it violated the Unruh Act, denies engaged in any conduct alleged in said paragraph, and further denies all remaining allegations of said paragraph.

37.     Answering paragraph 37, Defendant denies it violated the Unruh Act, denies engaged in any conduct alleged in said paragraph, and further denies all remaining allegations of said paragraph.

38.     Answering paragraph 38, Defendant denies it violated the Unruh Act, denies engaged in any conduct alleged in said paragraph, and further denies all remaining allegations of said paragraph.

39.     Answering paragraph 39, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph, including, without limitation, that Plaintiff is entitled to any award of damages from Defendant.

**FIFTH CAUSE OF ACTION**

40.     Answering paragraph 40, Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 9 above.

41.     Answering paragraph 41, said paragraph consists of conclusions of law that require no responsive pleading under the Code of Civil Procedure and are, therefore, specifically denied.

42.     Answering paragraph 42, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

43.     Answering paragraph 43, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

44.     Answering paragraph 44, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

45.     Answering paragraph 45, Defendant denies it engaged in any conduct alleged therein and further denies all remaining allegations of said paragraph.

///

///

1    46.    Answering paragraph 46, Defendant denies it engaged in any conduct

2  alleged therein and further denies all remaining allegations of said paragraph, including, without

3  limitation, that Plaintiff is entitled to any award of damages from Defendant.

4                          **SIXTH CAUSE OF ACTION**

5    47.    Answering paragraph 47, Defendant incorporates by reference as if fully

6  set forth herein its answers to paragraphs 1 through 10 above.

7    48.    Answering paragraph 48, said paragraph consists of conclusions of law that

8  require no responsive pleading under the Code of Civil Procedure and are, therefore, specifically

9  denied.

10    49.    Answering paragraph 49, Defendant denies it engaged in any conduct

11  alleged therein and further denies all remaining allegations of said paragraph.

12    50.    Answering paragraph 50, Defendant denies it engaged in any conduct

13  alleged therein and further denies all remaining allegations of said paragraph.

14    51.    Answering paragraph 51, Defendant denies it engaged in any conduct

15  alleged therein and further denies all remaining allegations of said paragraph.

16    52.    Answering paragraph 52, Defendant denies it engaged in any conduct

17  alleged therein and further denies all remaining allegations of said paragraph.

18    53.    Answering Plaintiff's prayer for relief in the Complaint, Defendant denies

19  Plaintiff is entitled to any award of damages, interest, attorney's fees, or any other form or type of

20  relief on any of her causes of action alleged in the Complaint.

21    54.    Except as expressly admitted hereinabove, Defendant denies each and

22  every allegation of Plaintiff's Complaint and the whole thereof.

23                          **AFFIRMATIVE DEFENSES**

24    For further answer and separate affirmative defenses to Plaintiff's complaint, Defendant

25  alleges:

26  ///

27  ///

28  ///

### FIRST AFFIRMATIVE DEFENSE

#### (Entire Action Subject to Binding Arbitration)

Plaintiff's Complaint, each of Plaintiff's purported causes of action, and this entire action are subject to binding arbitration. This entire action should accordingly be transferred to binding arbitration, and this action should then be dismissed and/or stayed.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiff's Complaint and purported causes of action, and each of them, fail to allege facts sufficient to constitute claims for relief against Defendant.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Defendant owes no obligation to Plaintiff with respect to the matters described in Plaintiff's Complaint to the extent Plaintiff failed to mitigate, minimize, or otherwise avoid losses, damages, or expenses.

### FOURTH AFFIRMATIVE DEFENSE

#### (Plaintiff's Misrepresentations and/or Omissions)

Plaintiff's Complaint and purported causes of action, and each of them, are barred in whole or in part to the extent of any misrepresentations and/or omissions by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

#### (Waiver)

Plaintiff's Complaint and purported causes of action, and each of them, are barred in whole or in part to the extent that the doctrine of waiver applies.

### SIXTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiff's Complaint and purported causes of action, and each of them, are barred in whole or in part to the extent that the doctrine of estoppel applies.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Plaintiff's Complaint and purported causes of action, and each of them, are barred or excused to the extent of Plaintiff's failure of performance.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant denies the purported causes of action alleged in Plaintiff's Complaint. However, should it be determined that Plaintiff has been damaged, then said damages are barred or should be proportionately reduced to the extent they were proximately caused by Plaintiff's own conduct or by the conduct of some third party.

## NINTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Plaintiff's employment with Defendant was at-will.

## TENTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

Plaintiff's Complaint and purported causes of action, and each of them, are barred in whole or in part to the extent that the doctrine of unclean hands applies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Safeguards)

Plaintiff's damages, if any, are reduced, to the extent that Plaintiff failed to take advantage of her employer's safeguards to avoid and eliminate alleged discrimination, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim – Punitive Damages)

Plaintiff's Complaint fails to allege facts and/or theories of recovery sufficient to constitute claims for punitive damages against Defendant under Civil Code section 3294 and/or other applicable Code provisions and California law.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

Plaintiff's claims for punitive or exemplary damages, if any, violate rights provided under the First, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution and under the California Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust)

Plaintiff's Complaint and purported causes of action, and each of them, are barred to the extent that Plaintiff failed to exhaust administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Protected Activity)

Plaintiff's Complaint and purported causes of action are barred to the extent that Plaintiff did not engage in any protected activity necessary to support the causes of action alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Causal Connection)

Plaintiff's purported causes of action alleged in the Complaint fail to the extent there was not any causal connection between Plaintiff's alleged protected activity or alleged exercise of rights and Plaintiff's termination.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

To the extent Plaintiff failed to timely file the Complaint and the purported causes of action alleged therein, the Complaint and each of those causes of action are barred in whole or in part by the applicable statutes of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

To the extent that Defendant obtains through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint and each purported cause of action alleged

10

1    therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired

2    evidence limits and reduces Plaintiff's alleged damages.

3                   **NINETEENTH AFFIRMATIVE DEFENSE**

4                   **(Failure to State a Claim for Attorney's Fees)**

5          Plaintiff's Complaint fails to allege facts or theories of recovery to support any

6    award of attorney's fees.

7          Because Plaintiff's Complaint is couched in conclusory terms and discovery has

8    not yet begun, Defendant cannot fully anticipate all defenses that may be applicable to this

9    action. Accordingly, Defendant's right to assert additional defenses, if and to the extent that such

10   defenses are applicable, is hereby reserved.

11                          **PRAYER**

12          WHEREFORE, having answered Plaintiff's Complaint and having alleged

13   affirmative defenses, Defendant prays:

14          1.     That this action be referred in its entirety to binding arbitration;

15          2.     That Plaintiff take nothing by her Complaint;

16          3.     For judgment in Defendant's favor and dismissal of all of Plaintiff's causes

17   of action against it;

18          4.     For Defendant's costs and attorneys' fees incurred in this action; and

19          5.     For such other and further relief as the Court and/or an arbitrator may deem

20   proper.

21   Dated: January 12, 2012               JACKSON LEWIS LLP

22

23                             By:

24                               Robert J. Schnack
                                   Douglas M. Egbert

25                          Attorneys for Defendant
                         MACY'S RETAIL HOLDINGS, INC. dba

26                          MACY'S WEST STORES, INC., erroneously sued
                         and served as MACY'S, INC.

27

28

1

2                              **PROOF OF SERVICE**

3          I am employed in the County of Sacramento, State of California.  I am over the age of
    eighteen years and not a party to the within action; my business address is Jackson Lewis LLP,
4   801 K Street, Suite 2300, Sacramento, California 95814.

5          On January 12, 2012, I served the document(s), described as:

6          **DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

7   on all interested parties in said action, through their attorneys of record as listed below, by placing
    a true and correct copy thereof, addressed as shown below, by the following means:
8

9   ☐    **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the
         person at the address set forth below, in accordance with Code of Civil Procedure section
10       1011(a).

11  ☒    **MAIL** - by placing a true and correct copy thereof enclosed in a sealed envelope with
         postage thereon fully prepaid for deposit in the United States Post Office mail box, at my
12       business address shown above, following Jackson Lewis LLP's ordinary business
         practices for the collection and processing of mail, of which I am readily familiar, and
13       addressed as set forth below.  On the same day correspondence is placed for collection and
         mailing, it is deposited in the ordinary course of business with the United States Postal
14       Service.

15  ☐    **OVERNIGHT DELIVERY** - by depositing a true and correct copy thereof enclosed in a
         sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly
16       maintained by Overnite Express or delivering to an authorized courier or driver authorized
         by Overnite Express to receive documents, addressed as set forth below.
17

18  ☒    **FACSIMILE TRANSMISSION** - by transmitting a true and correct copy by facsimile
         from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth
19       below, which transmission was confirmed as complete.  A copy of the transmission record
         is attached hereto.

20  ☐    **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-
         mail address _____ to the person(s) at the e-mail address(es) set forth below.
21

22  Hasmik Avagyan, *In Pro Per*
    c/o Legal Solutions & General Services, Inc.
23  1915 West Glenoaks Boulevard, Suite 202
    Glendale, CA  91201
24  Telephone: (818) 736-5550
    Facsimile:  (818) 736-5553

25         I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct, and that this declaration was executed on January 12, 2012, at
26  Sacramento, California.

27                                              _Lori Bauer_
                                                Lori Bauer
28

                                           12
                        Defendant's Answer to Plaintiff's Verified Complaint

## **PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis LLP, 801 K Street, Suite 2300, Sacramento, California 95814.

On January 13, 2012, I served the within:

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

on the parties in said cause:

☐ by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis LLP's ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Overnite or delivering to an authorized courier or driver authorized by Norco Overnite Express to receive documents, addressed as set forth below.

☐ by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐ by forwarding a true and correct copy by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

Hasmik Avagyan, *In Pro Per*
c/o Legal Solutions & General Services, Inc.
1915 West Glenoaks Boulevard, Suite 202
Glendale, CA 91201
Telephone: (818) 736-5550
Facsimile: (818) 736-5553

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 13, 2012 at Sacramento, California.

_Lori Bauer_
Lori Bauer

5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 367 JAK (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HASMIK AVAGYAN | MACY'S INC., and DOES 1-10, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| HASMIK AVAGYAN, Pro Se, c/o Legal Solutions & General Services, Inc., 1915 West Glenoaks Boulevard, Suite 202, Glendale, CA 91201; Telephone: (818) 736-5550 | ROBERT J. SCHNACK (SBN 191987), DOUGLAS M. EGBERT (SBN 265062), JACKSON LEWIS LLP, 801 K Street, Suite 2300, Sacramento, CA 95814; Telephone: (916) 341-0404 (representing Macy's Retail Holdings, Inc. dba Macy's West Stores, INc., erroneously sued and served as Macy's Inc.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of contract; discrimination; and, infliction of emotional distress. Defendant removes pursuant to diversity (28 U.S.C. sections 132 and 1441).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12 00367

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Hasmik Avagyan - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Macy's Retail Holdings, Inc. dba Macy's West Stores, Inc. - an Ohio corporation |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date January 13, 2012

    **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |